**Johnnie L. COCHRAN, Jr.,**
**Plaintiff–Appellant,**

v.

**NYP HOLDINGS, INC., a Delaware Corporation; Andrea Peyser, Defendants–Appellees.**

**No. 98–56536.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2000

Filed April 28, 2000

Barry B. Langberg, Deborah Drooz (argued), Stroock & Stroock & Lavan, Los Angeles, California, for the plaintiff-appellant.

Slade R. Metcalf (argued), Trina R. Hunn, Squadron, Ellenoff, Plesent & Sheinfeld, New York, New York, for the defendants-appellees.

Before: REINHARDT and O'SCANNLAIN, Circuit Judges, and SCHWARZER, District Judge.[1]

---

1. The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

PER CURIAM:

Johnnie L. Cochran, Jr. ("Cochran"), a noted trial attorney famous for successfully representing former football player O.J. Simpson on murder charges, brought a diversity libel action against NYP Holdings, Inc., which owns the *New York Post* newspaper, and *Post* columnist Andrea Peyser. The *Post* published a column by Peyser containing the following statement about Cochran: "Cochran has yet to speak up [regarding his involvement in a civil damages action by police brutality victim Abner Louima]. But history reveals that [Cochran] will say or do just about anything to win, typically at the expense of the truth."[2]

The issue in this case is whether the foregoing statement, viewed in the context of Peyser's column as a whole, is capable of serving as the basis for a libel action. Finding the statement to be protected under the First Amendment, the district court dismissed Cochran's defamation action pursuant to Federal Rule of Civil Procedure 12(b)(6).

 For the reasons set forth in then District Judge Wardlaw's published memorandum of decision and order, *Cochran v. NYP Holdings, Inc.,* 58 F.Supp.2d 1113 (C.D.Cal.1998), we affirm. We hereby adopt the introductory statement and Parts I, III, and IV of Judge Wardlaw's carefully analyzed decision, *id.* at 1113–17, 1120–27.[3]

 As Judge Wardlaw recognized, *see id.* at 1121, a statement of opinion is not automatically entitled to First Amendment protection simply by virtue of its status as opinion; rather, a statement of opinion may be actionable to the extent that it "impl[ies] a false assertion of fact." *Milkovich v. Lorain Journal Co.,* 497 U.S.

1, 19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). In this case, however, no reasonable fact-finder could conclude that Peyser's expression of opinion implies any false assertion of undisclosed facts serving as the basis for her views. Accordingly, for the reasons well-stated in the district court's decision, dismissal of Cochran's action was proper.

AFFIRMED.

---

**2.** Before the district court, the parties agreed that the "history" referred to by Peyser related solely to Cochran's representation of Simpson in Simpson's criminal case. We agree with the parties and the district court that in the context of the column this is the only reasonable interpretation of Peyser's statement.

**3.** Because the issues addressed in Part II of the district court's memorandum, pertaining to personal jurisdiction and transfer, are not at issue in this appeal, we do not adopt that portion of the district court's decision.

